UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80138-Cr-RYSKAMP

UNITED STATES OF AMERICA,

vs.

GERSON THERAMENE,

Defendant.
_____/



FILED by _____ D.C.
OCT 21 2011
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION CONCERNING DEFENDANT GERSON THERAMENE'S MOTION TO SUPPRESS (DE 25), MOTION FOR SEPARATE TRIAL ON COUNTS (DE 26), MOTION *IN LIMINE* OR FOR PRODUCTION OF CI (DE 28), MOTION TO DISMISS COUNT I FOR VIOLATION OF SECOND AMENDMENT (DE 29), MOTION TO DISMISS COUNT I FOR LACK OF INTERSTATE COMMERCE NEXUS (DE 30), AND MOTION FOR BILL OF PARTICULARS (DE 27)

THIS CAUSE is before the Court upon the District Court's referral of DEFENDANT GERSON THERAMENE'S MOTION TO SUPPRESS (DE 25), MOTION FOR SEPARATE TRIAL ON COUNTS (DE 26), MOTION *IN LIMINE* OR FOR PRODUCTION OF CI (DE 28), MOTION TO DISMISS COUNT I FOR VIOLATION OF SECOND AMENDMENT (DE 29), MOTION TO DISMISS COUNT I FOR LACK OF INTERSTATE COMMERCE NEXUS (DE 30), AND MOTION FOR BILL OF PARTICULARS (DE 27) to the undersigned United States Magistrate Judge. (DE 31). This Court has before it Defendant GERSON THERAMENE'S motions (DEs 25-30) and the Government's Omnibus Response (DE 37). A hearing was held on the motions on October 12, 2011.

### FINDINGS OF FACT

On July 21, 2011, the Defendant was indicted in a four count indictment charging him with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1),

possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (DE 18).

West Palm Beach Officer Covelle Padgett and Detectives Adam Myers, Nicole Abreu, and Brian Arlotta testified for the Government at the hearing. The Defendant also testified.

The case arose after a confidential informant (CI) made three controlled buys of cocaine from the residence at 3714 Westview Avenue, West Palm Beach. A state search warrant was executed there at 5 a.m. on April 29, 2011. The Defendant, his girlfriend, and his brother and sister were present. The SWAT team secured the residence. The officers on scene wore masks that partially covered their faces, but their skin color could be seen.

West Palm Beach Police Department Detective Adam Myers was there since he was investigating a homicide. He was advised that a gun and drugs were found in the premises. The gun was found in the bedroom occupied by the Defendant and his girlfriend. Also in that bedroom in a dresser drawer were 8.1 grams of cocaine and 1.1 grams of crack cocaine. Detective Myers did not know initially that two of the occupants of the residence were the Defendant's siblings.

W.P.B. Officer Covelle Padgett transported the Defendant and his girlfriend to headquarters. He had no conversations with the Defendant relevant to the case. He put them in different rooms to be interviewed by the detectives. Detective Myers and Detective Nicole Abreu interviewed the Defendant. The Defendant was advised of his *Miranda* rights and signed the *Miranda* rights card. GX1. The Defendant confessed to ownership of the cocaine and firearm. The interview was video recorded starting from when the rights card was signed. GX2.

The Defendant claimed that he was told by officers at the residence that if he did not own up

2

to sole possession of the gun then they would arrest his girlfriend and siblings. He claimed that he could not identify the officers who told him that, even by their skin color, because they wore masks. The Defendant also claimed that at the beginning of the interview at headquarters, before the tape commenced, he was told by Detectives Myers and Abreu that his siblings would not be arrested as long as he cooperated. No mention was made during the videotaping of the brother and sister getting arrested. The Defendant did not express any concerns about his siblings or girlfriend getting arrested during the videotaping. Both detectives deny threatening the Defendant. In fact, during the videotape Detective Myers asked who were the occupants of the house and expressed surprise that the sister was there. This Court credits the testimony of the officers and finds the testimony of the Defendant that he was threatened with the arrest of his family or girlfriend to be not credible and uncorroborated by the videotape.

## DEFENDANT'S MOTION TO SUPPRESS STATEMENT

The Fifth Amendment prohibits the use of an involuntary confession against a defendant in a criminal trial. *Bram v. United States*, 168 U.S. 532, 542, 18 S.Ct. 183, 42 L.Ed. 568 (1897); *United States v. Vera*, 701 F.2d 1349, 1365 (11th Cir.1983). The confession "must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception." *Colorado v. Connelly*, 479 U.S. 157, 170, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986)). "The district court must consider the totality of the circumstances in assessing whether police conduct was 'causally related' to the confession." *Miller v. Dugger*, 838 F.2d 1530, 1536 (11th Cir.1988)). "Sufficiently coercive conduct normally involves subjecting the accused to an exhaustingly long interrogation, the application of physical force or the threat to do so, or the making of a promise that induces a confession. Isolated incidents of police deception, and discussions of

3

realistic penalties for cooperative and non-cooperative defendants, are normally insufficient to preclude free choice." *United States v. Mendoza–Cecelia*, 963 F.2d 1467, 1475 (11th Cir.1992) (citations omitted).

In the instant case there is no credible evidence that the Defendant's free will was overborne by police deception or unrealistic threats to arrest relatives or the girlfriend of the Defendant. In fact, the five hour videotape of the interrogation provides no support for that proposition. Rather, the videotape's absence of threats or references to coercion corroborates the detectives' testimony that they did not threaten the Defendant. For those reasons this Court **RECOMMENDS** that **DEFENDANT'S MOTION TO SUPPRESS STATEMENT (DE 25) be DENIED**.

## MOTION FOR SEPARATE TRIAL ON COUNTS

The Defendant asserts that he would be highly prejudiced by having to proceed to trial on the felon in possession charge with the other charges since the jury would not be otherwise informed of any felony conviction in relation to the other charges.

Rule 14 gives district courts discretion to sever individual charges against a given defendant. Fed.R.Crim.P. 14(a) ("If the joinder of offenses ... in an indictment ... appears to prejudice a defendant ..., the court may order separate trials of counts ... or provide any other relief that justice requires.").

However, the Eleventh Circuit has noted that guns and drugs go "hand-in-hand" and to allow every defendant charged with illegal drug activities to be tried separately on any felon-in-possession charge would eat up a lot more scarce judicial resources. *United States v. Lopez*, 949 F.3d 1222, 1242 (11th Cir. 2011). Where a prior conviction was not unduly emphasized and no details were given since the parties stipulated to the defendant's status as a convicted felon, and the court

4

instructed the jury not to consider it in connection with any other issues, the courts have repeatedly concluded that a joint trial was not an abuse of discretion. *Id.* (collecting cases).

In the instant case the Government has asserted that it would file a Rule 404(b) motion to have the Defendant's convictions introduced. The possibility of the prior convictions being introduced at trial anyway provide an additional reason to deny the motion to sever.

Since it serves judicial economy, the convictions may be introduced anyway, and any prejudice can be minimized by a generic description and a limiting instruction, this Court **RECOMMENDS** that the **DEFENDANT'S MOTION FOR SEPARATE TRIAL ON COUNTS** (DE 26) be **DENIED**.

## MOTION *IN LIMINE* OR FOR PRODUCTION OF CI

At the hearing the Government represented that it would not seek to introduce evidence of the prior sales that were the predicate for the state search warrant as long as the Defendant stipulates that it was a lawful entry. The defendant agreed and concluded that the stipulation would moot his motion. For the foregoing reasons, this Court **RECOMMENDS** that the **DEFENDANT'S MOTION *IN LIMINE* OR FOR PRODUCTION OF CI (DE 28) be DENIED**.

## MOTION TO DISMISS COUNT I FOR VIOLATION OF SECOND AMENDMENT

The Defendant asserts that the felon in possession statute violates the Secong Amendment right to bear arms. The Defendant notes that when the Supreme Court struck down the District of Columbia handgun statute in *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783 (2008), the it noted that nothing in its opinion should be taken to cast doubt on the longstanding prohibition against the possession of firearms by convicted felons. *Id.* at 2817. The Eleventh Circuit in the wake of *Heller* has held that the felon in possession statute does not violate the Second Amendment.

5

*United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010).

For the foregoing reasons, this Court **RECOMMENDS** that the **DEFENDANT'S MOTION TO DISMISS COUNT I FOR VIOLATION OF SECOND AMENDMENT (DE 29)** be **DENIED.**

## MOTION TO DISMISS COUNT I FOR LACK OF INTERSTATE COMMERCE NEXUS

The Defendant argues that the felon in possession statute violates the Interstate Commerce Clause, citing to *United States v. Lopez*, 514 U.S. 549 (1995) and *Jones v. United States*, 529 U.S. 848 (2000). The Defendant correctly notes that the Eleventh Circuit has rejected his argument in *United States v. McAllister*, 77 F. 3d 387 (1996), *cert. denied*, 519 U.S. 905, and *United States v. Scott*, 263 F.3d 1270 (11th Cir. 2001).

For the reasons stated above, this Court **RECOMMENDS** to the District Court that the Defendant's **MOTION TO DISMISS COUNT I FOR LACK OF INTERSTATE COMMERCE NEXUS** be **DENIED.**

## MOTION FOR BILL OF PARTICULARS

The Defendant sought to have the Government identify the "drug trafficking crime" referenced in Count 4 of the Indictment. At the hearing the Government represented that the "drug trafficking crime" relates to the federal drug trafficking charges alleged in Counts 2 or 3 of the Indictment.

Since the Government's representation at the hearing moots the Defendant's motion, this Court **RECOMMENDS** that **DEFENDANT'S MOTION FOR BILL OF PARTICULARS** be **DENIED.**

## CONCLUSION

This Court **RECOMMENDS** that **DEFENDANT GERSON THERAMENE'S MOTION TO SUPPRESS (DE 25), MOTION FOR SEPARATE TRIAL ON COUNTS (DE 26), MOTION *IN LIMINE* OR FOR PRODUCTION OF CI (DE 28), MOTION TO DISMISS COUNT I FOR VIOLATION OF SECOND AMENDMENT (DE 29), MOTION TO DISMISS COUNT I FOR LACK OF INTERSTATE COMMERCE NEXUS (DE 30), AND MOTION FOR BILL OF PARTICULARS (DE 27)** be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States Senior District Judge Kenneth L. Ryskamp, within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See *United States v. Warren*, 687 F.2d 347, 348 (11th Cir.1982) cert. denied, 460 U.S. 1087 (1983).

**DONE** and **SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 21 day of October, 2011.

*[signature]*

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Kenneth L. Ryskamp
Counsel of Record